**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DALTON HARVEY, ET AL.                          CIVIL ACTION

VERSUS                                         NO. 15-866

CLEAN HARBORS CATALYST SERVICES                SECTION "B"(2)
LLC, ET AL.

<u>ORDER AND REASONS</u>

**IT IS ORDERED** that the motion to intervene (Rec. Doc. 32) is **DENIED WITHOUT PREJUDICE** to American Casualty to re-file a separate motion to intervene.

Before the Court is a "Motion to Intervene" filed by Plant Performance Services, Inc. ("P2S") and American Casualty Company of Reading Pennsylvania ("American Casualty"). Rec. Doc. 32. On November 16, 2016, this Court ordered the potential intervenors and any other interested party to file supplemental briefings directed to the issue of subject matter jurisdiction over the proposed complaint in intervention. Rec. Doc. 35. Specifically, the Court was concerned about maintaining diversity in a case where Plaintiffs are citizens of Texas, P2S is a limited liability company in which all of its members are citizens of Delaware, and American Casualty is a Pennsylvania corporation with its principal place of business in Illinois. Rec. Doc. 35 at 1-2 (citing Rec. Docs. 1 at ¶ 1; 32-1 at ¶¶ 1-2).

At the time the Order was issued, there were three Defendants and the Court had limited information regarding the citizenship of each. Specifically, there was Clean Harbors Environmental Services, Inc. ("CHES, Inc."), a Massachusetts corporation with its principal place of business in Massachusetts (Rec. Doc. 8 at ¶ 2); Clean Harbors Baton Rouge, LLC ("CHBR, LLC"), a limited liability company in which none of the members resided in Texas (*id.*); and Clean Harbors Catalyst Technologies, LLC ("CHCT, LLC"), a limited liability company in which none of the members resided in Texas (Rec. Doc. 14 at ¶ 2). Based on this information, it was not clear whether P2S and American Casualty were diverse from CHBR, LLC and/or CHCT, LLC. *See* Rec. Doc. 35 at 2.

Thereafter, on December 6, 2016, this Court granted a motion to dismiss CHBR, LLC. Rec. Doc. 45. Thus, the only remaining question was whether or not P2S and American Casualty were diverse from CHCT, LLC. In their supplemental briefing, potential intervenors claimed that they discovered through their own research that CHCT, LLC is a Delaware limited liability company in which the members appear to reside in Massachusetts. Rec. Doc. 38 at 2. If this were true, diversity would exist and P2S and American Casualty would be allowed to intervene.

However, Defendants informed the Court in their own supplemental briefing that CHCT, LLC "had a name change on January 1, 2014 (prior to suit being filed)" and that CHCT, LLC is now

named "Clean Harbors Catalyst Services, LLC." Rec. Doc. 42 at 4. When the suit was filed, Clean Harbors Catalyst Services, LLC had one member, Clean Harbors Industrial Services, Inc., a Delaware corporation with its principal place of business in Massachusetts. *Id.* Consequently, P2S, a limited liability company in which all of its members are citizens of Delaware, is not diverse from Clean Harbors Industrial Services, Inc. (formerly known as CHCT, LLC).

"In any civil action of which the district courts have original jurisdiction founded solely on section 1332 . . . [they] shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction . . . would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b); *see also Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010); *Lionheart Dev., LLC v. Apex Bldg. Sys., LLC*, 2011 WL 999537 (E.D. La. Mar. 18, 2011). Because P2S is not diverse from one of the defendants, this Court lacks subject matter jurisdiction over the complaint proposed by the potential intervenors.

New Orleans, Louisiana, this 11th day of January, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE